**EXHIBIT B**

**TO**

**REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**



# Environmental Health

## Animal Fur Products Frequently Asked Questions

The Department of Public Health publishes this FAQ to address some of the most common questions about its enforcement of the Ordinance. While the Ordinance applies to any person or entity engaged in the conduct that the Ordinance prohibits, this FAQ focuses on retail establishments that sell or facilitate the purchase of new fur products within the City.

**1. Would a retailer physically located in the City violate the Ordinance by displaying a fur product for sale at the retailer's location if any aspects of the sales transaction occur outside of the City?**

Yes. Article 1D section 1D.4(a) prohibits the display of a fur product for sale.

**2. Would a retailer physically located in the City violate the Ordinance by displaying a fur product for sale at the retailer's location if the fur product is shipped to:**

    **(a) a destination within the City, or**
    **(b) a destination outside of the City?**

Yes, as to both shipment destinations. Article 1D section 1D.4(a) prohibits a fur product from being offered, displayed, or distributed for sale by any means in the City. A San Francisco retailer that displays a fur product for sale in the retailer's San Francisco store and arranges for delivery of a fur product from the store in the City to be delivered to a destination either in or outside of the City, violates section 1D.4(a) for displaying and distributing a fur product for sale.

### HELPFUL LINKS

**San Francisco Health Code**
Article 1D - Animal Fur Products
Frequently Asked Questions

**Program Contact**
Mohanned Malhi, REHS
Principal Env Hlth Inspector
Mohanned.Malhi@sfdph.org
415-252-3827

**3. Does the advertisement of a fur product violate the Ordinance?**

The Department is not presently interpreting the Ordinance to limit or restrict advertisements per se. Given this interpretation, the Department will not pursue enforcement against out-of-store advertisements (e.g. billboards, newspapers, magazines, catalogs, internet promotions, etc.) of fur products. If the Department decides in the future to pursue enforcement against such advertisements, the Department will provide the public with advance notice regarding the Department's change in advertisement enforcement policy.

That said, to the extent an advertisement offers a fur product for sale or displays a fur product for sale, the offer and the display are both prohibited under the Ordinance.

**4. Would a retailer physically located in the City violate the Ordinance if a customer purchases a fur product through the retailer's website and the fur product is physically distributed to or from the City?**

Yes. Article 1D section 1D.4(a) prohibits the sale or distribution of a fur product by any means in the City. A San Francisco retailer that sells a fur product and arranges for a fur product to be distributed to or from the City, violates section 1D.4(a) for selling and distributing a fur product in the City.

**5. Does the Ordinance prohibit the sale of fur products purchased through a retailer's website and physically distributed to a location in San Francisco?**

Article 1D section 1D.4(a) prohibits the sale or distribution of a fur product by any means in the City, directly or indirectly, including through a retailer's website. A retailer with a physical location in the City that sells or distributes a fur product to any location, including to an address in the City, violates section 1D.4(a) for selling or distributing a fur product in the City. The Department is not enforcing the ordinance against retailers with no physical presence in the City. If the Department decides in the future to pursue enforcement against retailers with no physical presence in the City, the Department will provide the public with advance notice regarding the Department's change in enforcement policy.

**6. The Ordinance has a safe harbor provision for fur products purchased or obtained on or before March 20, 2018. For that safe harbor provision to apply, must the fur product be:**

    **(a) in the City at the time the invoice is issued to the person or entity?**

No. The safe harbor provision in section 1D.4(e) against enforcement of the Ordinance requires a fur product to have been purchased or obtained on or before March 20, 2018, as evidenced by an invoice. For the safe harbor to apply, there is no requirement that a fur product be in the City when the invoice of the purchase is issued. Therefore, a person or entity that purchased a fur product on or before March 20, 2018, would qualify for the enforcement safe harbor so long as the person or entity can, upon request by the Department, produce an invoice showing that the fur product was in fact purchased on or before March 20, 2018.

    **(b) in the physical possession of the person or entity at the time the invoice is issued?**

No. As mentioned above, section 1D.4(e)'s safe harbor provision requires a fur product to have been purchased or obtained on or before March 20, 2018. There is no requirement that a fur product be in the physical possession of a person or entity when the invoice of purchase is issued for section 1D.4(e) to apply. Therefore, a person or entity that purchased a fur product on or before March 20, 2018, but was not in the physical possession of the fur product, would qualify for the enforcement safe harbor so long as the person or entity can, upon request by the Department, produce an invoice showing that the fur product was in fact purchased on or before March 20, 2018.

**7. When issuing an administrative citation for an alleged violation of the Ordinance, how will the Department determine that the fur product does not fall within the exclusion in Article 1D section 1D.4(c)(2) relating to furbearing mammals and nongame mammals lawfully taken under a state trapping license?**

When issuing an administrative citation under Article 1D, the Department will presume that all retailers' transactions relating to selling, offering or displaying for sale, trading, gifting, donating, distributing, or manufacturing a fur product is unlawful unless the person or entity subject to the citation can produce sufficient evidence to the Department to rebut the presumption.

Section 1D.4(c)(2) excludes from the ban fur products from furbearing mammals and nongame mammals lawfully taken under authority of a trapping license authorized by the California Fish and Game Code section 3039(b). Therefore, under section 1D.4(c)(2), an individual or entity claiming this exclusion must establish that a fur product was lawfully taken under a valid trapping license governed by the California Fish and Game Code section 3039(b). Sufficient evidence that a fur product was lawfully taken under a valid trapping license includes, but is not limited to: a valid trapping license containing a permanent trap number; a copy of a completed trapping license application submitted to the State of California, Department of Fish and Wildlife; a copy of identification documents submitted with trapping license application; proof of successful completion of the State of California's trapping examination; and the trap or the metal tag attached to the chain of the trap with the permanent trap number.

**8. Would the addition of a fur product to a garment that did not originally contain fur, violate the Ordinance?**

Yes. Article 1D section 1D.4(b) prohibits the manufacturing of a fur product in the City. Under the Ordinance, the addition of a fur product to a garment that did not originally contain fur constitutes manufacturing and therefore violates section 1D.4(b).
Also, section 1D.4(a) prohibits the distribution of a fur product by any means in the City. An individual who distributes a fur product for manufacturing purposes violates section 1D.4(a) for distributing a fur product in the City.

**9. What is the general process for the Department to enforce the Ordinance against a retail establishment?**

If the Department determines that a retailer is operating in violation of the Ordinance, the Department's Director will issue an administrative citation to the retailer or any other person responsible for causing the violation. A retailer or person who receives an administrative citation from the Director shall have 24 hours, or such greater time as deemed reasonable under the circumstances by the Director or the Director's designee, to correct or otherwise remedy the violation prior to the imposition of administrative fines.

Administrative fines for violations of Article 1D, include a $500 fine for a first violation, a $750 fine for a second violation within one year of the first violation, and up to a $1,000 fine for each additional violation within one year of the second or subsequent violations. Additionally, the Director may recover any costs and fees, including but not limited to attorneys' fees, for enforcement initiated through Article 1D.

## Making a Complaint

The Environmental Health Section investigates complaints regarding the selling, offering or displaying for sale, trade, gift, donation, distribution, or manufacturing a fur product. Complaints about these issues should be directed to **311**.

 - Service 24x7

San Francisco Department of Public Health Environmental Health Branch