UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| INTERNATIONAL FUR TRADE FEDERATION,<br><br>    Plaintiff,<br><br>    v.<br><br>CITY AND COUNTY OF SAN FRANCISCO, et al.,<br><br>    Defendants. | Case No. 20-cv-00242-RS<br><br>**ORDER GRANTING MOTION FOR PERMISSIVE INTERVENTION** |

## I. INTRODUCTION

In 2018, defendant the City and County of San Francisco enacted an Ordinance amending its health code to ban the sale and manufacture of animal fur products within its boundaries ("the Fur Ban"). The Fur Ban permitted retailers to sell off existing inventory until December 31, 2019. Promptly thereafter, on January 13, 2020, plaintiff the International Fur Trade Federation ("IFF") brought this action against San Francisco and its Director of Public Health in his official capacity (collectively, "defendants"), challenging the constitutionality of the Fur Ban under the Dormant Commerce Clause. The Humane Society of the United States ("HUHS") and the Animal Legal Defense Fund ("ALDF") now propose to intervene on behalf of defendants, either as of right or permissively. Defendants do not oppose the motion, but IFF does. Pursuant to Civil Local Rule 7-1(b), the matter is suitable for disposition without oral argument, and the hearing set for April 30, 2020 is vacated. For the reasons set forth below, the motion for permissive intervention is granted.

## II. INTERVENTION AS OF RIGHT

"Intervention is governed by Fed. R. Civ. P. 24 which permits two types of intervention: intervention as of right and permissive intervention." *Nw. Forest Res. Council v. Glickman*, 82 F.3d 825, 836 (9th Cir.1996). A non-party may intervene as of right if it can establish: (1) its application is timely; (2) it has a "significantly protectable" interest in the litigation; (3) it is "so situated that the disposition of the action may, as practical matter, impair or impede [its] ability to protect its interest;" and (4) the parties currently before the court do not adequately represent this interest. *See League of United Latin Am. Citizens (LULAC) v. Wilson*, 131 F.3d 1297, 1302 (9th Cir.1997). Here, IFF concedes the application is timely; HUHS and ALDF filed their motion to intervene less than two months after the complaint was filed, before defendants had answered it. No significant litigation developments have transpired. At issue, then, are the other three factors.

First, HUHS and ALDF have established a significantly protectable interest in this case. The Ninth Circuit has held "a public interest group" has a significant, protectable interest, and thus is "entitled as a matter of right to intervene in an action challenging the legality of a measure which it ha[s] supported." *Sagebrush Rebellion, Inc. v. Watt*, 713 F.2d 525, 527 (9th Cir. 1983). Both HUHS and ALDF have actively supported the Fur Ban. HUHS published a statement of support for the Ban and met with a member of the San Francisco Board of Supervisors to encourage its passage. ALDF hired a lobbying firm to advocate for the Ban with the Board of Supervisors. Both groups have devoted time and resources to educating their members and the public about the Ban since its passage. IFF's argument that there is some distinction to be drawn between public interest groups who are the chief architects of challenged laws and thus may intervene on their behalf, and those who merely support the laws and thus cannot intervene, has no legal basis. Therefore, HUHS and ALDF have demonstrated a significant, protectable interest.

Second, HUHS and ALDF have demonstrated the disposition of this action will affect their aforementioned interests. "If an absentee would be substantially affected in a practical sense by the determination made in an action, he should, as a general rule, be entitled to intervene." *Sw. Ctr. for Biological Diversity v. Berg*, 268 F.3d 810, 822 (9th Cir. 2001) (quoting Fed. R. Civ. P. 24 advisory committee's notes). The outcome of this action will substantially affect HUHS and

ALDF, as the groups continue to lobby for similar legislation in other jurisdictions. In particular, if the Fur Ban is found to be unconstitutional, the groups' efforts to get similar bans passed will be stymied, or at least thrown into question. The resources the groups expend in these lobbying efforts will be rendered a waste. On the other hand, if the Fur Ban is upheld, the groups' efforts will be bolstered. Thus, no matter the outcome of this litigation, HUHS and ALDF will be "substantially affected in a practical sense."

That leaves the final factor: whether the existing parties will adequately represent the proposed defendant-intervenors' interests. The burden of demonstrating inadequacy is "minimal" and satisfied if the proposed intervenor can demonstrate representation of its interests "may be" inadequate. *Arakaki v. Cayetano*, 324 F.3d 1078, 1086 (9th Cir. 2003). Three factors are to be considered: "(1) whether the interest of a present party is such that it will undoubtedly make all of a proposed intervenor's arguments; (2) whether the present party is capable and willing to make such arguments; and (3) whether a proposed intervenor would offer any necessary elements to the proceeding that other parties would neglect." *Id.* However, "the requirement is not without teeth." *Prete v. Bradbury,* 438 F.3d 949, 956 (9th Cir. 2006):

> When an applicant for intervention and an existing party have the same ultimate objective, a presumption of adequacy of representation arises. If the applicant's interest is identical to that of one of the present parties, a compelling showing should be required to demonstrate inadequate representation. There is also an assumption of adequacy when the government is acting on behalf of a constituency that it represents. In the absence of a very compelling showing to the contrary, it will be presumed that a state adequately represents its citizens when the applicant shares the same interest. Where parties share the same ultimate objective, differences in litigation strategy do not normally justify intervention.

*Arakaki*, 324 F.3d at 1086 (internal citations and quotations omitted).

In the present case, HUHS and ALDF posit their interests are simultaneously narrower and broader than those of the government-defendants. On the one hand, they say, their interest is only in animal welfare—whereas the government has a broader interest in upholding the constitutionality of all its laws. On the other, the government may choose to advocate for a narrow

reading of the Fur Ban, not directly concerned with the grounds for affirmance, whereas HUHS and ALDF advocate for a holding that specifically affirms the Ban's animal welfare rationales.

These arguments do not amount to a "very compelling showing" that defendants will not adequately represent the proposed intervenors' interests. They represent potential differences in litigation strategy, not "fundamentally differing points of view…on the litigation as a whole." *Citizens for Balanced Use v. Montana Wilderness Ass'n*, 647 F.3d 893, 899 (9th Cir. 2011). This is not a case in which defendants have stated their unwillingness to defend the challenged law. *Cf. Jackson v. Abercrombie*, 282 F.R.D. 507, 519 (D. Haw. 2012) (permitting intervention where government- defendant "not only decline[d] to defend, but affirmatively state[d] to the Court that [the law at issue was] unconstitutional"). Neither do defendants appear to have a conflict of interest that would preclude their vigorous defense of the Fur Ban. *Compare LULAC*, 131 F.3d at 1306 (affirming denial of intervention where government defendants had no apparent conflict of interest), *with Sagebrush Rebellion*, 713 F.2d at 528 (reversing denial of intervention where government official defending a measure had previously worked for plaintiff, "giv[ing] rise to appellant's sobriquet for the case as 'Watt v. Watt.'"). Nor have defendants "offer[ed]…a limiting construction" of the Fur Ban; that is, at this point, "just a theoretical possibility." *Cf. Cal. ex rel. Lockyer v. United States*, 450 F.3d 436, 444 (9th Cir. 2006). Thus, HUHS and ALDF have failed to demonstrate defendants cannot adequately advocate for the groups' interests. The motion for intervention as of right is denied.

### III.  PERMISSIVE INTERVENTION

Permissive intervention may be appropriate if the applicant can demonstrate: (1) its application is timely; (2) there is an independent basis for jurisdiction; and (3) its claim or defense shares a question of law or fact with the main action. *LULAC*, 131 F.3d at 1308 (quoting *Nw. Forest Res. Council*, 82 F.3d at 839). "Even if an applicant satisfies [the] threshold requirements, the district court has discretion to deny permissive intervention." *Canatella v. California*, 404 F.3d 1106, 1117 (9th Cir. 2005) (alteration in original) (internal citation and quotations omitted).

In the present case, IFF does not contest that the application is timely or that there exists an

independent basis for jurisdiction. Furthermore, HUHS and ALDF present a question of law—whether the Fur Ban is constitutional—common with the main action. In fact, this commonality is precisely why intervention as of right must be denied: since the government shares the groups' precise interest in upholding the Far Ban, it can adequately represent them. Thus, HUHS and ALDF have satisfied the threshold requirements for permissive intervention.

IFF objects the groups will offer tangential arguments which will unnecessarily delay the litigation—which is supposed to be about the constitutionality of the Far Ban, not animal cruelty. However, the express motives proffered by San Francisco for passing the Fur Ban in the first place are to "promote community awareness of animal welfare, bolster the City's stance against animal cruelty, and, in turn, foster a more humane environment in San Francisco." 1D S.F. Health Code §§ 1D.2(i). As the constitutionality of the Fur Ban will turn on how compelling these rationales are, the groups' expertise about animal welfare may be important to deciding the case. *See Missouri v. Harris*, No. 14-cv-00341, 2014 WL 2506606, at *7 (E.D. Cal. June 3, 2014). HUHS and ALDF have expertise on this topic which defendants do not share. Furthermore, the groups have coordinated to be represented by the same counsel and stipulated to upcoming deadlines with IFF and defendants, thus minimizing administrative disruption to the case. Thus, it is appropriate to exercise discretion and permit them to intervene.

## IV.  CONCLUSION

For the reasons set forth above, while intervention as of right is not warranted, the motion for permissive intervention is granted. Defendant-intervenors should respond to IFF's amended complaint by May 4, the same date defendants' response is due. Furthermore, defendants' pending motion to dismiss, ECF No. 15, is denied without prejudice in light of the amended complaint.

**IT IS SO ORDERED**.

Dated: April 17, 2020

RICHARD SEEBORG
United States District Judge